**James Darnell JOHNSON,
a.k.a. Robert Anson**

v.

**Warden Dominick DEROSE, Dauphin
County Prison; Deputy Warden
Nichols**

**James Darnell Johnson, Appellant.**

No. 09–2462.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Oct. 9, 2009.

Opinion filed Oct. 20, 2009.

Robert Anson, James Darnell Johnson, Steelton, PA, for Appellant.

Gary H. Dadamo, Esq., Cheryl L. Kovaly, Esq., Lavery, Faherty, Young & Patterson, Harrisburg, PA, for Appellees.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

While incarcerated in the Dauphin County Prison, James Johnson filed a pro se civil rights complaint in the United States District Court for the Middle District of Pennsylvania. *See* 42 U.S.C. § 1983. Johnson alleged that the Warden and Deputy Warden (the "Defendants") violated his civil rights while he was on lock down status.[1] The matter was referred to a Magistrate Judge, who granted Johnson's motion to amend his complaint. The order directed that Johnson file his amended complaint on or before November 7, 2008, and include "any and all defendants whom [he] wished to name" and "appropriate allegations of the defendant(s)['] personal involvement." Johnson, who was released from prison on October 23, 2008, failed to file an amended complaint.

The Defendants filed a motion to dismiss, arguing, inter alia, that Johnson's complaint failed to allege that they were personally involved in the alleged violations of his civil rights. The Magistrate Judge recommended that the motion to

---

1. In particular, Johnson claimed that the Defendants denied him telephone privileges, law library access, family visits, and the right to attend church services. In addition, Johnson alleged that prison guards assaulted him, took his personal property, and forced him to go to court "without underpants or socks or a haircut or shave." Johnson did not name these prison guards in his complaint, include them as John Doe defendants, or request discovery to learn their identities.

dismiss be granted because Johnson sought damages against the Defendants under a respondeat superior theory. Johnson did not oppose the motion to dismiss. The District Court adopted the Magistrate Judge's Report and Recommendation, and granted the Defendants' motion to dismiss. Johnson appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's grant of the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Phillips v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008). We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

It is well settled that liability under § 1983 may not based on the doctrine of respondeat superior. *See Durmer v. O'Carroll,* 991 F.2d 64, 69 n. 14 (3d Cir. 1993). Instead, the plaintiff must show that the official's conduct caused the deprivation of a federally protected right. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). More particularly, the plaintiff must allege that the defendant was personally involved in the deprivation. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*

Johnson's complaint made no allegation whatsoever concerning the Defendants' involvement in the alleged denials of his constitutional rights. As the Magistrate Judge correctly explained, Johnson nowhere alleged that the Defendants directly participated in, or had knowledge of, the claims set forth in the complaint. Nor did Johnson allege that the Defendants acquiesced in the alleged unconstitutional misconduct or failed to properly train subordinate employees.

For these reasons, this appeal presents us with no substantial question. Accordingly, we will summarily affirm. *See* I.O.P. 10.6.